NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARITZA ESTELA SANTOS
RAMOS; C.I.R.S.,

          Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 23-1539

Agency Nos.
A216-379-111
A216-379-112

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2024
Seattle, Washington

Before: McKEOWN, H.A. THOMAS, and DESAI, Circuit Judges.

      Maritza Estela Santos Ramos and her minor son are citizens of El Salvador.

They petition for review of a decision of the Board of Immigration Appeals

("BIA") sustaining the Department of Homeland Security's appeal of a decision by

an Immigration Judge ("IJ") granting their applications for protection under the

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand to the BIA to apply a clear error standard of review.

We review de novo whether the BIA has applied the correct standard of review. *Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021). "We do not rely on the Board's invocation of the clear error standard; rather, when the issue is raised, our task is to determine whether the BIA faithfully employed the clear error standard or engaged in improper de novo review of the IJ's factual findings." *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012). "To determine whether 'the BIA faithfully employed the clear error standard,' courts look at the BIA's reasoning for reversing the IJ's decision." *Soto-Soto*, 1 F.4th at 659 (quoting *Rodriguez*, 683 F.3d at 1170).

Under clear error review, the "BIA may find an IJ's factual finding to be clearly erroneous if it is 'illogical or implausible,' or without 'support in inferences that may be drawn from the facts in the record.'" *Rodriguez*, 683 F.3d at 1170 (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 577 (1985)). But a "'conclusory pronouncement' that the IJ has erred is insufficient; 'the BIA [is]

---

[1] Santos Ramos' minor son filed a separate application for CAT protection based on the same underlying factual contentions as in Santos Ramos' application. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to CAT protection).

obligated to explain why the IJ clearly erred in so finding.'" *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013) (alteration in original) (quoting *Ridore v. Holder*, 696 F.3d 907, 917 (9th Cir. 2012)). "Where the BIA does not address the 'key factual findings' on which the IJ based its conclusion, that strongly suggests that the BIA did not faithfully engage in clear error review." *Soto-Soto*, 1 F.4th at 659 (quoting *Zumel v. Lynch*, 803 F.3d 463, 476 (9th Cir. 2015)). And "if it appears that the BIA gave more weight to certain facts in the record than to others, leading to a different conclusion from the IJ, our court may justifiably infer that the BIA applied the wrong standard of review." *Id.*

Here, Petitioners contend that although the BIA stated in its opinion that it reviewed for clear error the IJ's factual findings supporting the IJ's decision, the BIA instead improperly engaged in de novo review. We agree. The BIA impermissibly engaged in its own fact-finding, failed to address the IJ's key factual findings, and reweighed the evidence using its own interpretation of the facts, demonstrating its application of de novo—rather than clear error—review.

First, the BIA failed to review for clear error the IJ's factual findings supporting the IJ's conclusion that Petitioners would face a risk of torture if removed. The BIA concluded that Santos Ramos and her son would not be subjected to future torture because "other members of [her] family, including her parents and a sister, apparently continue to live in El Salvador unharmed." But the

IJ never made such a finding, and the BIA may not make its own factual findings. *Rodriguez*, 683 F.3d at 1173; *Vitug*, 723 F.3d at 1063. The BIA also failed to address the IJ's findings that, after Santos Ramos and her son left El Salvador, gang members approached her brother-in-law to ask for her phone number and went to her parents' house to ask what had happened to her and her son. The BIA's failure to address these key factual findings strongly suggests that the BIA did not engage in clear error review. *Soto-Soto*, 1 F.4th at 659. The BIA's decision, moreover, exhibits no deference to the IJ's "predictive fact finding," which "is entitled to broad deference from the BIA." *Id.* at 661.

Second, the BIA failed to review for clear error the IJ's factual findings supporting the IJ's conclusion that Petitioners would more likely than not be tortured with the acquiescence of a public official in El Salvador. The BIA found that, while the country conditions evidence indicated some level of corruption, it also showed that "the Salvadoran police conduct anti-gang operations, and seek to provide assistance to individuals who have been subjected to gang crimes." But the IJ acknowledged this same evidence and nonetheless concluded that it was more likely than not that the Salvadoran government would acquiesce to Santos Ramos's torture "considering the high level of documented corruption, and the pervasiveness of the gangs." The IJ's factual findings were supported by Santos Ramos' testimony and the country conditions evidence in the record.

In disagreeing with the IJ, the BIA plainly "gave more weight to certain facts in the record than to others." *Id.* at 659. But the BIA cannot, under a clear error standard of review, "rely simply on its own interpretation of the facts." *Vitug*, 723 F.3d at 1063 (alteration omitted) (quoting *Ridore*, 696 F.3d at 917). It is instead "obligated to explain why the IJ clearly erred." *Id.* (quoting *Ridore*, 696 F.3d at 917). And "the clear error standard does not allow the BIA to reweigh the evidence when the IJ's account of the evidence is plausible." *Soto-Soto*, 1 F.4th at 659 (quoting *Guerra v. Barr*, 974 F.3d 909, 914 (9th Cir. 2020)). Here, the BIA failed to explain how any of the IJ's factual findings were illogical, implausible, or without support in inferences that may be drawn from the record.

We therefore **GRANT** the petition and **REMAND** to the BIA to apply a clear error standard of review.